UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim No. 21-56(3) (PAM/ECW) |
| Plaintiff, | |
| v. | **ORDER** |
| Okach Okwayoo Kwot, | |
| Defendant. | |

_____

This matter is before the Court on Defendant Okach Okwayoo Kwot's pro se Motion for Sentence Adjustment. (Docket No. 559.) In 2022, Kwot pled guilty to wire fraud, and in March 2023 he was sentenced to a 46-month term of imprisonment, the low end of the applicable Sentencing Guidelines imprisonment range of 46 to 57 months. (Docket No. 469.) Kwot now seeks the application of a recent retroactive amendment to the Guidelines, which he contends should reduce his offense level and his imprisonment range.

A court may modify a previously imposed term of imprisonment if the defendant's sentencing range has subsequently been lowered by the United States Sentencing Commission. 18 U.S.C. § 2582(c)(2). In Amendment 821, the Commission amended two sections of the Guidelines and specified that these amendments should be applied retroactively. U.S.S.G. § 1B1.10(a)(2), (d). "The first change limits the impact of § 4A1.1 'status points,' which are criminal-history points added when the defendant committed his offense while under another criminal sentence." United States v. Williams, No. 15-CR-0185 (PJS/BRT), 2023 WL 8868799, at *2 (D. Minn. Dec. 22, 2023); see also U.S.S.G.

§ 1B1.10 cmt. 7. The change to § 4A1.1 does not apply to Kwot, because he was not under another criminal sentence when he committed the instant offense.

Amendment 821 also amended § 4C.1.1 by "provid[ing] a decrease of two levels from the [otherwise applicable total] offense level" for defendants with zero criminal history points who meet other criteria. U.S.S.G. § 1B1.10 cmt. 7. Kwot asserts that Amendment 821 lowers his applicable imprisonment range to 37 to 46 months.

By its terms, however, Amendment 821 does not apply to Kwot. The Amendment specifically excludes defendants who received criminal history points from Chapter Four, Part A or who received an adjustment under § 3B1.1 for aggravating role. U.S.S.G. § 4C1.1(a)(1), (10). Kwot's Presentence Investigation Report shows that he received one criminal history point under § 4A1.1(c) for a 2021 driving-while-intoxicated conviction (Docket No. 460 ¶ 59) and that he received a three-level adjustment under § 3B1.1 for his role as a manager or supervisor of the offense. (Id. ¶ 45.) Kwot is not entitled to a reduction in his total offense level under Amendment 821.

Accordingly, **IT IS HEREBY ORDERED that** the Motion for Sentence Adjustment (Docket No. 559) is **DENIED**.

Dated:   January 22, 2024

                                           *s/Paul A. Magnuson*
                                           Paul A. Magnuson
                                           United States District Court Judge